# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1120

_____

United States of America,                      *
                                               *
                    Appellee,                  *
                                               *    Appeal from the United States
          v.                                   *    District Court for the
                                               *    Northern District of Iowa.
Eli Ordonez-Alquijay,                          *
                                               *    [UNPUBLISHED]
                    Appellant.                 *

_____

Submitted: May 5, 2009
Filed: July 9, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

An indictment filed in 2007 charged that Eli Ordonez-Alquijay possessed and used a social security card and an alien registration card, knowing those documents were falsely made and unlawfully obtained, in violation of 18 U.S.C. § 1546(a) (Count 1); and that he committed aggravated identity theft by knowingly possessing and using, without lawful authority, an alien registration number assigned to an actual person during and in relation to the violation of § 1546(a), in violation of 18 U.S.C. § 1028A(a)(1) (Count 2). Ordonez-Alquijay pleaded guilty to Count 1 and moved to dismiss Count 2, arguing that § 1028A(a)(1) required the government to prove he knew the alien registration card number was assigned to an actual person, and that there was no evidence he had such knowledge. After the district court denied his

motion to dismiss, Ordonez-Alquijay entered a conditional plea of guilty to Count 2, admitting he knew the alien registration card did not belong to him, but claiming he was unaware the identity on the card was that of a real person. The government submitted no evidence that Ordonez-Alquijay knew the alien registration number belonged to another person. The court sentenced Ordonez-Alquijay to consecutive prison terms of 1 day on Count 1 and 24 months on Count 2. Ordonez-Alquijay appeals the denial of his motion to dismiss Count 2.

While Ordonez-Alquijay's appeal was pending, the Supreme Court held that § 1028A(a)(1) requires the government to show that the defendant knew the means of identification he or she unlawfully possessed or used belonged to another person. See Flores-Figueroa v. United States, 129 S. Ct. 1886, 1888, 1894 (2009). Accordingly, we reverse Alquijay's conviction for aggravated identity theft, and remand to the district court for further proceedings consistent with this opinion.

_____